IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRENT ROSS #5716,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO. 3:21-cv-00291** |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| **RUDD MEDICAL CARE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Brent Ross, a pretrial detainee at the Rutherford County Jail in Murfreesboro, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1 at 1–6) and an application to proceed as a pauper (Doc. Nos. 1 at 7–8; 2). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. Nos. 1 at 7–8; 2) reflects that he cannot pay the filing fee in advance without undue hardship, so it will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff alleges that, on July 5, 2019 at the Rutherford County Jail, he started having "bad skin problems." (Doc. No. 1 at 5). Three days later, medical staff prescribed Plaintiff a cream that did not help. (*Id.*). Medical staff told Plaintiff that he was experiencing an allergic reaction, and they advised him on four occasions to "use different soap." (*Id.*). That also did not help. (*Id.*). Medical staff then advised Plaintiff to wash his clothes separately to avoid the Jail's detergent. (*Id.*). That did not help either. (*Id.*). Medical staff advised Plaintiff that "they didn't know what to tell" him, and that "it must be something [Plaintiff was] either doing or not doing." (*Id.*). Plaintiff alleges that his skin problems have gotten worse over time, and that the medical staff continues to prescribe him "medication that showed no results." (*Id.*).

Plaintiff's skin problems are now "severe." (*Id.*). He alleges that, on March 18, 2021, Jail staff told him that there was "an appointment being made for [Plaintiff] to see a specialist," but that the Jail canceled it on March 20. (*Id.*). Plaintiff sues Rudd Medical Care and the Rutherford County Adult Detention Center (RCADC). (*Id.* at 1–2). He requests compensatory damages and adequate medical care. (*Id.* at 6).

**B. Legal Standard**

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal

conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

As an initial matter, Plaintiff fails to state a claim against the Rutherford County Adult Detention Center because it is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that jail facilities are improper parties under Section 1983). However, the Court will liberally construe Plaintiff's reference to RCADC as an attempt to impose liability on Rutherford County itself, and the County will be addressed below.

Plaintiff asserts a claim for inadequate medical care. The Fourteenth Amendment establishes the right for pretrial detainees to be free from "deliberate indifference to serious medical needs." *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566–67 (6th Cir. 2020) (citations omitted). This claim has "both an objective and a subjective component.[1] The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer

---

[1] The Sixth Circuit applies "the same 'deliberate indifference' framework to Eighth-Amendment claims brought by prisoners as Fourteenth-Amendment claims brought by pretrial detainees." *Griffith*, 975 F.3d at 567 (collecting cases).

3

Case 3:21-cv-00291   Document 5   Filed 04/20/21   Page 3 of 6 PageID #: 21

substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

In addition to RCADC, Plaintiff brings this action against Rudd Medical Care. The Court presumes that Rudd Medical Care is a private entity contracted to provide medical care to inmates at RCADC. Such an entity is subject to suit under Section 1983. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)). However, to state a Section 1983 claim against a private entity like Rudd Medical Care, or a municipality like Rutherford County, Plaintiff must allege that the entity had a policy or custom that directly caused him to suffer a constitutional violation. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)) (private entity); *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)) (municipality).

Here, Plaintiff fails to satisfy both components of a deliberate-indifference claim, and he fails to allege that the harms he experienced are attributable to a policy or custom of either Rudd Medical Care or Rutherford County. As to the objective component, Plaintiff alleges that he has been experiencing increasingly severe skin problems since July 2019, but he does not describe those problems in any detail. Accordingly, the Court has no factual basis to determine whether Plaintiff's skin problems are sufficiently serious to satisfy the objective component.

As to the subjective component, Plaintiff's allegations are insufficient for two reasons. First, "the subjective component of a deliberate indifference claim must be addressed for each officer individually." *Winkler*, 893 F.3d at 891 (quoting *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 542 (6th Cir. 2008)). That is, Plaintiff must allege that a "specific individual was aware of facts from which he or she could infer a substantial risk of serious harm." *Id.* And here, Plaintiff

does not identify any particular staff member who knew of and disregarded his medical needs. Second, despite his displeasure with the adequacy of treatment, medical staff has prescribed Plaintiff a cream and other medication. "Where the plaintiff has received some medical treatment, 'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Griffith*, 975 F.3d at 568 (quoting *Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013)). Thus, Plaintiff fails to satisfy the subjective component.

Finally, Plaintiff also fails to state a claim against the only two named Defendants—Rudd Medical Care and Rutherford County (as represented by RCADC)—because he does not make any allegation from which the Court can reasonably infer that a "policy or custom" was the moving force behind his allegedly inadequate medical care. "There are four methods of showing . . . a policy or custom: the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess*, 735 F.3d at 478).

### III. CONCLUSION

For these reasons, Plaintiff fails to state a claim under Section 1983 at this time. Because Plaintiff is representing himself, however, he will have an opportunity to file an Amended Complaint regarding his claim for deliberate indifference to serious medical needs. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). If Plaintiff does not do so within 30 days, this action will be dismissed with prejudice.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE